UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARIEL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 1661 CDP |
| | ) | |
| ERIC GONZALEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Ariel Young filed this case pro se and seeks permission to proceed in the action in forma pauperis without prepaying fees or costs. Upon review of Young's complaint, I will dismiss the case without prejudice for lack of federal subject-matter jurisdiction. I will deny her motion to proceed IFP as moot and without prejudice.

The entirety of Young's one-page complaint states the following: "Defendants expressed personal view to Lindsay Clancy. A gag order must issue." (ECF 1.) She lists 41 individuals as defendants in the caption of the case, but she does not provide any information as to who they are or their specific conduct that gave rise to her "claim." She does not provide any factual allegations or any

explanation as to why she brought the action in this Court.[1] Her two-sentence complaint does not provide any context whatsoever to any claim she is attempting to assert.

Even giving Young's pro se pleading liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), I must dismiss the complaint for lack of subject-matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). Subject-matter jurisdiction is an essential prerequisite for every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The question of subject-matter jurisdiction may be raised at any time, by any party, or by the Court itself. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). If the Court

[1] According to the return address on the envelope that contained her complaint, Young resides in Las Cruces, New Mexico.

determines at any time that it lacks subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(b)(3).

Federal courts have subject-matter jurisdiction over two primary categories of cases: federal-question and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994). Here, Young's complaint does not allege diversity jurisdiction or include any factual allegations from which diversity jurisdiction can be established. 28 U.S.C. § 1332(a). The same is true for federal question jurisdiction as the complaint does not identify or allege facts supporting a cause of action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The complaint simply fails to assert or articulate any facts demonstrating federal subject-matter jurisdiction over the case.

I will therefore dismiss Young's complaint under Fed. R. Civ. P. 12(b)(3) for lack of subject-matter jurisdiction. As this action will be dismissed, Young's IFP motion to proceed without prepaying fees or costs is moot.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff Ariel Young's Application to

Proceed in District Court Without Prepaying Fees or Costs [2] is **DENIED as moot and without prejudice.**

A separate Order of Dismissal is entered herewith.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2026.